**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

97-20836
Summary Calendar

IN THE MATTER OF RICHARD NELSON SANDERS

                                                    Debtor.

Lowell T. CAGE, Trustee

                                                    Appellant,

versus

Robert OVERBECK; PIC-RITE MANAGEMENT
& CONSULTING, INC.,

                                                    Appellees.

IN THE MATTER OF RICHARD NELSON SANDERS

                                                    Debtor.

Richard Nelson SANDERS, also known as Rick
Sanders, also known as Richard N. Sanders;
CHAIN OPERATORS PRODUCE PLAN, INC.,

                                                    Appellant,

versus

Robert OVERBECK; PIC-RITE MANAGEMENT
& CONSULTING, INC.,

                                                    Appellees.

Appeals from the United States District Court
for the Southern District of Texas
(H-96-CV-4115)
November 19, 1998

Before HIGGINBOTHAM, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except

Appellants Lowell Cage, Richard Sanders, and Chain Operators Produce Plan, Inc. ("Appellants") appeal the bankruptcy and district court's denial of their motion to extend the time to appeal.

Overbeck and Sanders were involved in litigation in the bankruptcy court concerning whether Sanders' debts owed to Overbeck were dischargeable and other issues. The bankruptcy court entered a final judgment on October 7, 1996, and resolved all claims in favor of Overbeck.

On October 21, 1996, fourteen days after the final judgment, the Appellants filed a Notice of Appeal and a Motion to Extend Time to File Notice of Appeal. On October 25, the court denied the extension of time to appeal because the motion was filed four days late. Bankruptcy Rule 8002(a) states that a notice of appeal shall be filed with in 10 days of the date of entry of judgment.

The Appellants do not dispute the fact that the motion and notice was filed late, they argue that the bankruptcy court wrongfully denied the Motion to Extend Time to File Notice of Appeal. They urge that the mistake of filing late was "excusable neglect" under Bankruptcy Rule 8002(c). See *In the Matter of Christopher*, 33 F.3d 232 (5th Cir. 1994). They claim that the error occurred because the attorney filing the appeal confused the Federal Rules of Civil procedure with the Bankruptcy Rules -- weekends are counted in the Bankruptcy Rules when calculating a filing period and they are not in the Federal Rules.

The authority that the Appellants cite for the late filing to

under the limited circumstances set forth in 5th cir. R. 47.5.4.

be "excusable neglect" is *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnerships*, 507 U.S. 380, 113 S.Ct. 1489 (1993). The Supreme Court in *Pioneer* held that counsel's negligence and inadvertence can be "excusable neglect." The Court stated:

> [T]he determination is at bottom an equitable one, taking into account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id*. at 394, 1498.

The Court, however, also mentioned in *Pioneer* that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id*. at 392, 1496. Therefore, the appellant's reason for missing the filing deadline, confusing the Bankruptcy Rules and the Federal Rules of Civil Procedure, does not constitute "excusable neglect."

Taking into consideration the aforementioned reasons, we affirm the judgments of the lower courts.


AFFIRMED.